# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>FIDDLER GONZALEZ & RODRIGUEZ PSC<br><br>Debtor | CASE NO. 17-03403 (MCF)<br><br>CHAPTER 11 |
| NOREEN WISCOVITCH-RENTAS, as Chapter 7 Trustee of the Debtor, FIDDLER, GONZALEZ & RODRIGUEZ, PSC<br><br>Plaintiff<br><br>v.<br><br>TRISTAN REYES GILESTRA, ET AL.<br><br>Defendants | ADV. PROC. 19-00312 (MCF)<br><br>RE: AVOIDANCE ACTION |

## MOTION TO DISMISS

**TO THE HONORABLE COURT:**

  **COMES NOW**, defendant Esther Alvarado Embade, the Reyes-Alvarado, Conyugal Partnership and the Estate of Tristán Reyes Gilestra, ("DEFENDANT") through the undersigned attorneys and very respectfully STATES and PRAYS as follows:

### I. Preliminary Statement

  DEFENDANT hereby seeks dismissal of the Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12 (b) (6). Plaintiff's complaint fails to comply with the plausibility standard and heightened pleadings test as required by the applicable case law. The allegations of the complaint are general

1

conclusory statements, and do not make reference to specific facts supporting the causes of action.

Furthermore, Plaintiff failed to comply with Fed. R. Civ. Proc. 9 (b). Such rule requires that a party alleging fraud, must state with particularity the circumstances constituting the alleged fraud. Plaintiff also failed to allege with particularity any facts to describe the alleged fraudulent behavior and intention required by the causes of action included in the complaint. Thus, DEFENDANT respectfully submits that the complaint should be dismissed in its entirety.

## II. Relevant Events and Allegations of the Complaint

1. On May 6, 2017, Debtor filed a Voluntary Petition for Relief under a Chapter 7 of the Bankruptcy Code. *See* underlying Bankruptcy Case No. 17-03403(MCF).

2. On May 14, 2019, the Chapter 7 Trustee (hereinafter "Plaintiff" or "Trustee") filed an adversary complaint against the defendant seeking a judgment determining the avoidance or rescission of transfers, turnover of property and objection and subordination of claims. *See Complaint at Docket #1*.

3. On March 5, 2004 Fiddler, Gonzalez & Rodriguez, PSC (the "debtor" or "Fiddler" or the "Law Firm") approved its *By Laws*. As it has been in the past as a common practice in the law firm, the *By Laws* provide that in case a shareholder withdraws from the firm, his/her shares of common stock will be acquired by Fiddler within a 60 months period, and in exchange, Fiddler shall be obligated to pay in no more than 60 monthly installments.

4. The late Tristan Reyes Gilestra, Esq., used to be a partner and shareholder of the firm until July 1st, 2008, effective date of his resignation as shareholder, when he was the owner of 358 shares of common stock in the firm. After his resignation in July 2008 Mr. Reyes did not work for the firm or had any position in it.

5. Prior to the bankruptcy filing, and in order to put into effect its *by laws'* provision, on June 3, 209, Fiddler entered into an agreement with Mr. Reyes, whereby they agree to established the amount of shares to be acquired by Fiddler and the price to be paid to Mr. Cantero for the shares every year for the following 5 years (60 months) (hereinafter, "the agreement").

6. As per the terms and conditions of the agreement, and in order to put into effect and comply with Fiddler's *by laws*, the firm acquired from Mr. Reyes certain shares every year by making monthly payments for such shares.

### III. Applicable Standard

Fed. R. Bankr. P. 7012(b) applies Fed. R. Civ. P. 12(b)(6) to adversary proceedings. Under Fed. R. Civ. P. 12(b)(6), dismissal is proper for "failure to state a claim [upon which relief can be granted] only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Morales v. P.R. Treasury Dept., (In Re Morales), 2015 Bankr. LEXIS 1179, at *5 (Apr. 2015)(Bankr. D.P.R.), *citing*, González-Morales v. Hernández-Arencibia, 221 F.3d 45, 48 (1st Cir. 2000) (*citing* Correa—Martínez v. Arrillaga—Beléndez, 903 F.2d 49, 52 (1st Cir.1990)).

To survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." Bell Atlantic Crop. V. Twombly, 550 U.S. 544, 559 (2007). This obligates a

3

plaintiff to provide "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id*. At 545. Courts need not accept as true legal conclusions or "naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662,678 (2009) (internal quotations omitted).

Furthermore, for complaints in which "fraud lies at the core of the action," the heightened pleading standard of Federal rule of Civil Procedure 9(b) applies.[1] Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir. 1985); *see also* N. Amer. Catholic Educ. Programming Found., Inc. v. Cardinale, 567 F.3d 8, 13 (1st Cir. 2009). Rule 9(b) requires that for allegations of fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This pleading standard is satisfied by averments of "the who, what, where, and when of the allegedly false or fraudulent representation." Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 29 (1st Cir. 2004). The purpose of Fed. R. Civ. P. 9(b)'s particularity requirement is threefold: (1) to place defendants on notice and allow them to prepare a meaningful response, (2) to preclude the use of groundless fraud claims as pretext for discovery or "strike suits", and (3) to safeguard defendants from the reputation damage of frivolous charges. *See* New England Data Services v. Becher, 829 F.2d 286, 289 (1st Cir. 1987).

---

[1] Fed. R. Civ. Proc. 9 (b) prescribes the standard for pleading a common law fraud claim. The Rules states that *"in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's minds may be alleged generally"*.

4

In the instant case, Plaintiff's complaint failed to meet the required pleading's standard to continue with its case. As such, it is respectfully submitted that this Court should dismiss the claims against DEFENDANT.

Plaintiff's use of loose and conclusory language as a vehicle for getting into court is not allowed. In fact, plaintiff did not meet its burden of establishing the elements of the causes of action claimed in the Complaint, nor did it plead facts with the particularity required by the applicable rules. Fed. R. Bankr. P. 7009 and Rule 9 of the Fed. R. Civ. Proc.

### IV. Discussion and Arguments for Dismissal

**A.   Plaintiff failed to state a claim upon which relief can be granted for avoidable transfers under 11 U.S.C. § 547**

Section 547 of the Bankruptcy Code states the elements of an avoidable preference. In particular, the statute states:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property--
>
> > (1) to or for the benefit of a creditor;
> >
> > (2) **for or on account of an antecedent debt owed by the debtor** before such transfer was made;
> >
> > (3) made while the debtor was insolvent;
> >
> > (4) made--
> >
> > > (A) on or within 90 days before the date of the filing of the petition; or

    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

  (5) that enables such creditor to receive more than such creditor would receive if--

    (A) the case were a case under chapter 7 of this title [11 USCS §§ 701 et seq.];

    (B) the transfer had not been made; and

    (C) such creditor received payment of such debt to the extent provided by the provisions of this title [11 USCS §§ 101 et seq.]. **Emphasis added**

  First, a reading of the section 547 clearly demonstrates that one of the required elements of a cause of action for a transfer to be an avoidable preference, is that the transfer have been made *for or on account of an antecedent debt owed by the debtor*. In the instant case, the Plaintiff failed to allege that any of the payments made to DEFENDANT were *for or on account of an antecedent debt owed by the debtor*. For this reason, Count I of the complaint must be denied, and the complaint should be dismissed, or partially dismissed.

  Moreover, the plaintiff failed to state with particularity the facts to sustain its allegation that the law firm was insolvent at the time of the transfers. Its only allegation regarding this required element for a preference action is a conclusory allegation that Fiddler was insolvent since 2013. This conclusory statement alone, does not satisfy the standard of Federal Rule of Civil Procedure 12(b)(6). For that reason, Count I of the complaint must be denied, and the complaint should be dismissed.

  Likewise, with regards to payments made by Fiddler to DEFENDANT from May 30, 2013 through May 29, 2014 the complaint also fails to state a claim under which

Case:19-00312-MCF Doc#:24 Filed:08/09/19 Entered:08/09/19 15:16:46 Desc: Main
Document Page 7 of 20

relief can be granted under section 547 of the Bankruptcy Code, inasmuch as such payments fall outside of the 90-day and 1-year periods incorporated into section 547. For such reason, Count I of the complaint must be dismissed.

It is important to stress out that in the specific case of share redemptions as might be the case with DEFENDANT, in In re Corporate Jet Aviation. Inc., 27 B.R. 870 (1983), the Bankruptcy Court determined that such transfers were not avoidable under 11 U.S.C. §547 because the status of a shareholder at the time of the transfer "is not equivalent to that of a creditor or of a claim holder; and therefore the transfer to her could not have been (1) to or for a benefit of a creditor; an/or (2) for or on account of an antecedent debt owed by debtor before such transaction was made." In re Corporate Jet Aviation, Inc., 27 B.R. 870. 871 (1983).

Additionally, no allegation was made by the Plaintiff as to the last required element for a cause of action under section 547 of the Bankruptcy Code. The Plaintiff failed to state any fact to sustain that payments received by DEFENDANT would enable her to receive more that it would have received under the subsection 547 (5)(c). For that reason, Count I of the complaint must be denied, and the complaint should be dismissed.

    **B.**    **Plaintiff failed to state a claim upon which relief can be granted for avoidable transfers under 11 U.S.C. § 548**

Section 548 of the Bankruptcy Code states:

> **(a)** (1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including

7

any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily--

**(A)** made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

**(B)**

**(i)** received less than a reasonably equivalent value in exchange for such transfer or obligation; and

**(ii)**

**(I)** was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

**(II)** was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

**(III)** intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

**(IV)** made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

Plaintiff has failed to state a case upon which relief can be granted under section 548 of the Bankruptcy Court with regards to payments received by DEFENDANT pursuant to Fiddler's *by laws* and to the agreement in compliance of such by laws to purchase her shares of common stock before the two-year period delineated in subsection 548(a). That is, all payments made by Fiddler to DEFENDANT from May 30, 2013 through May 29, 2014, are excluded from the first element of a cause of action under 548(a). For such reason, Count I of the complaint must be denied, and the

8

complaint should be dismissed, or partially dismissed with regards to payments made between such dates.

Plaintiff has also failed to plead any specific fact that could sustain a claim that the debtor made any payment to DEFENDANT with actual intent to hinder, delay, or defraud any entity whatsoever. For this reason alone, the Complaint has not stated a case upon which relief can be granted under section 548(a)(A), and thus the complaint should be dismissed, or partially dismissed.

No set of facts was plead with particularity which could sustain a claim that Fiddler received less than a reasonably equivalent value in exchange for any of the payments made to DEFENDANT. Such lack of factual allegations warrants a dismissal of the complaint, since one of the indispensable elements of a claim under section 548(a)(B) requires that the debtor actually received less than a reasonably equivalent value in exchange for the payment. For this reason alone, the Complaint has not stated a case upon which relief can be granted under section 548(a)(B), and thus the complaint should be dismissed, or partially dismissed.

Other requirements of section 548(a)(B) are: (1) Insolvency of the Debtor on the date of or as a result of the transfer; (II) Engagement or impending engagement in a transaction for which Debtor's remaining property would be unreasonably small capital; (III) Intention or belief that the transfer or incurred obligation would be beyond the debtor's ability to pay; **or** (IV) made a transfer to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

Claims alleging actual fraudulent transfers under Section 548(a) (1) (A) of the Code must satisfy the heightened particularity requirement in Fed. R. Civ. P. 9(b). In re Derivium Capital, LLC, 380 B.R. 429,439 (Bankr. D.S.C. 2006); In re Caremerica, Inc., 409 B.R. 346, 353 (Bankr. E.D.N.C. 2009). Rather, Section 548 (a) (1) (B) claims must satisfy Fed. R. Civ. P. 8(a) and the pleading standard in *Twombly* and *Iqbal*.

Applying such standards to the instant case, dismissal is warranted inasmuch as the Plaintiff did not alleged facts sufficient to demonstrate that relief can be granted pursuant to sections 548 and 547.

The Trustee failed to state any facts to sustain a claim under subsections 548(a)(B)(II)-(IV). Although the Plaintiff did include a statement that the Debtor was insolvent since the year 2013, it did not state with particularity the facts to sustain such conclusory allegation. For these reasons, the Complaint has not stated a case upon which relief can be granted under section 548(a)(B), and thus the complaint should be dismissed, or partially dismissed.

**C.      Plaintiff failed to state a claim upon which relief can be granted for rescission of Transfers Pursuant to Section 544(b), and the Puerto Rico Civil Code Articles 1227, and 1228**

Article 1227 of the Puerto Rico Civil Code, 31 L.P.R.A. sec. 3432 states that "[c]ontracts without consideration or with an illicit one have no effect whatsoever. A consideration is illicit when it is contrary to law and good morals."

Likewise, Article 1228 of the Puerto Rico Civil Code, 31 L.P.R.A. sec 3433 states that "[t]he statement of a false consideration in contracts shall render them void, unless it be proven that they were based on another real and licit one."

The Puerto Rico Civil Code explains the meaning of the "consideration" referred to in Articles 1227, and 1228. Specifically, it states "[i]n contracts, involving a valuable consideration, the prestation or promise of a thing or services by the other party is understood as a consideration for each contracting party; in remuneratory contracts, the service or benefits remunerated, and in those of pure beneficence, the mere liberality of the benefactor." 31 L.P.R.A. sec. 3431. In many occasions, the cause has been equated to the answer to the question of, why did I agree to be obligated? Rosado v. Pagan, 196 D.P.R. 180, 188-189 (2016) (citing M.E. García Cárdenas, Derecho de Obligaciones y Contratos, 419 (2012).

Moreover, with regards to Article 1227 of the Puerto Rico Civil Code, the Puerto Rico Supreme Court has held that there are two types of illicit consideration: the illegal consideration that is contrary to the laws, and the immoral consideration which is contrary to morals and good customs. Rosado v. Pagán, 196 D.P.R. 180, 188-189 (citing Col. Int. Sek PR Inc. v. Escribá, 134 D.P.R. 647, 665 (1994).

In the instant case the Trustee failed to aver particular facts to sustain that the agreement between the parties to purchase shares of common stock as Fiddler *by laws* mandate, was made without consideration, or with an illicit or immoral one. The Plaintiff also failed to allege facts with particularity that could sustain a claim that the consideration of the agreement to purchase the shares from DEFENDANT or her late husband was false. Fed. R. Civ. P. 9(b)'s heightened pleading standard also applies to state law fraud claims asserted in federal court. See Universal Commc'n Sys., Inc. v. Lycos, Inc., 478 F. 3d 413, 427 (1st Cir. 2007). For this reason, the Complaint has not stated a case upon which relief can be granted under 544(b) of the Bankruptcy Code,

11

and Articles 1227, and 1228 of the Puerto Rico Civil Code, and thus the complaint should be dismissed, or partially dismissed.

Plaintiffs' intended use of Articles 1227 and 1228 of the Puerto Rico Civil Code to void payments made to DEFENDANT as required by Fiddler *By Laws* and as per the agreement to execute such *by laws*' provision to purchase shares of common stock when a shareholder withdraws from the firm are simply unmeritorious. A reading of Articles 1227 and 1228 and the related Puerto Rico Supreme Court Decisions show that such articles are to be used in cases where the facts sustain a rescission of a contract, not the payments under a contract as if they were the contract themselves. Also for this reason, the Complaint has not stated a case upon which relief can be granted under 544(b) of the Bankruptcy Code, and Articles 1227, and 1228 of the Puerto Rico Civil Code, and thus the complaint should be dismissed.

**D. Plaintiff failed to state a claim upon which relief can be granted for rescission of Transfers Pursuant to Section 544(b), and the Puerto Rico Civil Code Article 1243(3)**

Section 3 of article 1243 of the Puerto Rico Civil Code provides that contracts "executed in fraud of creditors, when the latter cannot recover in any manner, what is due to them," may be rescinded. 31 L.P.R.A. § 3492. Moreover, "[c]ontracts by virtue of which the debtor alienates property for [inadequate] consideration, are presumed to be executed in fraud of creditors." <u>In re El Mundo Corp.,</u> 208 B.R. 781, 783, 783 n.1 (D.P.R. 1997) (citing 31 L.P.R.A. §3498) (noting that, the original Spanish-language version uses "titulo gratuito," which means "as a gift" or "without adequate consideration").

First, Plaintiff failed to state any fact as to one essential element for a cause of action under Article 1243 of the Puerto Rico Civil Code. Plaintiff did not state any fact as to whether creditors can recover in any manner what is due to them. For this reason, the Complaint has not stated a case upon which relief can be granted under 544(b) of the Bankruptcy Code, and Article 1243 of the Puerto Rico Civil Code, and thus the complaint should be dismissed.

Additionally, to state a claim for a cause of action under Article 1243 of the Puerto Rico Civil Code, the contract must have been executed in fraud. To evaluate the element of fraud, Courts must examine the following indications: "[h]aste in the alienation, the debtor's insolvency, the relationship of kinship, closeness or trust with the acquirer, the state of the business of the conveyor owner and of the judicial claims against him." De Jesús v. Carrero, 112 D.P.R. 631, 637 (1982).

In order for a fraudulent conveyance action to prosper in Puerto Rico, the Plaintiff must adequately plead, allege and ultimately prove the following elements:

(1) the existence of a bona fide debt between plaintiff and the defendant, which debt must have been due and payable prior to the alleged fraudulent act;

(2) that the defendant transferred assets after the existence of said debt;

(3) that the transfer was fraudulent;

(4) that plaintiff was injured by said transfer; and

(5) that plaintiff possess no other legal recourse available.

See Rolón Ruiz v. Cortes, KLAN201101551, 2011 PR App. LEXIS 3214, at ** 11-12 (P.R. Court of Appeals 2011); Nine v. Aviles, 53 D.P.R. 494, 499 (1938), citing Sucesión de Almazan v. Lopez, 20 D.P.R. 537, 540 (1914); VELCO v. Industrial Serv. Apparel, 143 D.P.R. 243, 255 (1997).

13

Puerto Rico law requires that all the afore-mentioned elements be conjunctively met in order to adequately plead and assert a fraudulent conveyance. *See* Rolón Ruiz v. Cortes, KLAN201101551, 2011 PR App. LEXIS 3214, at ** 11-12 (P.R. Court of Appeals 2011).

The showing of an antecedent debt or credit in favor of a plaintiff is one of the main elements for a fraudulent conveyance action. Accordingly, any debt or any creditor is insufficient to adequately plead and assert the existence of a fraudulent conveyance action under Article 1243(3) of the Puerto Rico Civil Code. *See* Suc. Almazan, 20 D.P.R. at 541, 1914 PR Sup. LEXIS 342 (plaintiff must be "really and truly a lawful creditor of the defendants").

Consequently, in order to comply with the fraudulent conveyance provisions of Article 1243(3) of the Puerto Rico Civil Code, the antecedent debt must be scrutinized so as to determine whether the same was "due and payable" at the time the alleged fraudulent transfer took place. When analyzing whether a debt was "due and payable" for the purpose of Article 1243(3), courts have held that the following circumstances must be present: (a) judgement was entered against the debtor, or a writ of attachment was issued against their property; (b) the debtor transferred his property to another who had knowledge of such judgment or attachment; and (c) creditors harmed by such alienation and possesses no other legal recourse to repair the injury suffered. *See* VELCO v. Industrial Serv. Apparel, 143 D.P.R. 243, 255 (1997); Rolón Ruiz v. Cortes, KLAN201101551, 2011 PR App. LEXIS 3214, **11-12 (P.R. Court of Appeals 2011) ("Only when a favorable judgment is entered, and when the judgment becomes res judicata does the credit materialize, and its owner will have the status of creditor") (translation provided).

14

Moreover, Rule 9 of the Federal Rules of Civil Procedure requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Proc. 9(b). This Rule generally applies to state law fraud claims brought in federal court. Lawton Ex Rel US v. Takeda Pharm. Co., 842 F. 3rd. 125 (1st Cir., 2016) (citing Rost, 507 F.3d at 731 n.8; Universal Commc'n Sys., Inc. v. Lycos, Inc., 478 F.3d 413, 427 (1st Cir. 2007)).

The particularity requirement of Rule 9(b) provides the defendant with the information needed to respond to allegations and to protect his reputation from irresponsible charges. Dominicus Americana Bohio v. Gulf & Western Industries, Inc., 473 F. Supp. 680, 1979-2 Trade Cas. (CCH) P62757 (S.D.N.Y. 1979).

Plaintiffs may satisfy requirements of Fed. R. Civ. P. 9(b) by alleging (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) time and place of each such statement and person responsible for making (or, in case of omissions, not making) same, (3) content of such statements and manner in which they misled plaintiff, and (4) what defendants obtained as consequence of fraud. Hobbs v. BH Cars, Inc., 17 Fla. L. Weekly Fed. D 819, 2004 U.S. Dist. LEXIS 10735 (S.D. Fla. June 4, 2004); In re Eagle Bldg. Techs., Inc., 221 F.R.D. 582 (S.D. Fla. 2004).

Although some Courts have held that a trustee in bankruptcy is generally to be afforded greater liberality in pleading fraud since he is an outsider to the transactions, such relaxed requirements require the trustee to do more than merely identify the

15

allegedly fraudulent transfers. Seitz v. 6130 West, LLC, 474 B.R. 167,187 (Bankr. E. D. Pa. 2012)

In the instant case Trustee failed to comply with the heightened pleading standard required by the Federal Rules of Civil Procedure, is as much as it declined to state the facts to sustain: (1) whether the consideration was adequate for the payments received; (2) haste in the payments; (3) debtor's insolvency; (4) a relationship on kinship among the parties to the contract; (5) closeness or trust between the parties to the contract, (6) the specific state of the business at the time of the agreement, nor (7) the pending judicial claims against the Debtor at the time of the agreement.

For these reasons, the Complaint has not stated a case upon which relief can be granted under 544(b) of the Bankruptcy Code, and Article 1243 of the Puerto Rico Civil Code, and thus Count II of the complaint should be dismissed.

### E. Plaintiff failed to state a claim upon which relief can be granted for rescission of Transfers Pursuant to Section 544(b), and the Puerto Rico Civil Code Article 1249

Puerto Rico Civil Code Article 1249 states that:

> Contracts by virtue of which the debtor alienates property, for a good consideration, are presumed to be executed in fraud of creditors.
>
> Alienations for valuable considerations, made by persons against whom a condemnatory judgment, in any instance, has been previously rendered, or a writ of seizure of property has been issued, shall also be presumed fraudulent. 31 L.P.R.A. sec. 3498

The original Spanish version of Article 1249 identifies "good consideration" as "**titulo gratuito**." Thus, contract under which a debtor alienates property for free, are presumed in fraud of creditors.

16

The complaint in the instant adversary proceeding fails to state any fact to support a presumption of fraud of creditors. It does not state that the Debtor paid the defendant or alienated other property in favor of the defendant in exchange for nothing, or for free. Moreover, it also does not state any fact related to a condemnatory judgment, or a writ of seizure of property.

For these reasons, the Complaint has not stated a case upon which relief can be granted under 544(b) of the Bankruptcy Code, and Article 1249 of the Puerto Rico Civil Code, and thus the complaint should be dismissed.

### F. Plaintiff failed to state a claim upon which relief can be granted for avoidable transfers under 11 U.S.C. § 550

Section 550 of the Bankruptcy Code allows recovery of property or value of property transferred, only after an avoidance of a transfer is allowed under sections 544, 545, 547, 548, 549, 553(b), or 724(a) of the Bankruptcy Code.

The only such sections mentioned in the Complaint are 544, 547, and 548 which DEFENDANT has respectfully argued above that may not be applied in the instant case, for failure to adequately state the particular facts upon which relief could be granted under such sections of the Bankruptcy Code. For this reason, the Complaint has also not stated a case upon which relief can be granted under section 550, and thus the complaint should be dismissed.

### G. Count III of the Complaint for Turnover of Property Pursuant to 11 U.S.C. § 542 Should be Dismissed Pursuant to Fed. R. Civ. P. 12 (b) (6)

17

This count of the complaint requests the avoidance of transfers alleged in Counts I and II of the complaint. In light of the fact that Count III hinges on Count I and II, and these do not state a plausible claim for relief, Count III should be dismissed for failure to state a claim upon which relief may be granted.

### H. Count IV of the Complaint Regarding Objection to Claim Should be Dismissed as Inapplicable

Count IV of the complaint objects to any and all claims of DEFENDANT whether filed or to be filed against debtor's estate pursuant to Sections 502 and/or 510 of the Bankruptcy Code. In the instant case the deadline to file claims in the underlying bankruptcy case was on August 21st, 2017; such deadline was terminated on February 13, 2018. DEFENDANT decided not to file any claim against the debtor, thus she will not participate in the Trustee's distribution. Therefore, Count IV of the complaint is inapplicable and as such should be denied.

### I. Count V of the Complaint Regarding Subordination of Claim Should be Dismissed as inapplicable

Count V of the complaint requests the subordination of claims of DEFENDANT to claims filed by other creditors pursuant to Section 510 (b) and/or (c) of the Code based upon "Defendant's interest as a shareholder of the Debtor". In the instant case the deadline to file claims in the underlying bankruptcy case was on August 21st, 2017; such deadline was terminated on February 13, 2018. DEFENDANT, who is not a shareholder of the debtor, decided not to file her claim against the debtor, thus she will not participate in the distribution to be done in the case. Therefore, Count V of the complaint is inapplicable and as such should be denied.

**J. Count VI of the Complaint Should also be Dismissed Pursuant to Fed. R. Civ. P. 12 (b) (6)**

Count VI of the Complaint requests the entry of a Judgment against the "Conjugal Partner defendants" "[i]f the relief in the above counts is granted against the defendant in whole or in part".

In light of the fact that Count VI is dependent on Counts I, II, and III, and those do not state a plausible claim for relief, Count VI should also be dismissed pursuant to Fed. R. Civ. P. 12 9b) (6) for failure to state a claim upon which relief may be granted.

## V. Conclusion

In light of all of the above, DEFENDANT hereby reiterates that the complaint's bare and conclusory allegations fail to satisfy Fed. R. Bankr.P. 7009 without an additional statement of facts detailing the basis for the belief. The allegations failed to state the specific alleged fraudulent acts as is required by Rule 9 (b) of the Federal Rules of Civil Procedure and the heightened pleading standard applicable to cases like the instant case where a denial of discharge is requested.

There can be no doubt that plaintiff's allegations towards DEFENDANT as stated in the complaint are not cognizable as a matter of law. As such, this case must be dismissed for failure to state a claim upon which relief can be granted against defendant under Rule 12(b)(6) and Rule 9 (b) of the Federal Rules of Civil Procedure.

## VI. Reservation of Rights

DEFENDANT hereby reserves her right to file a dispositive motion (Motion to Dismiss) pursuant to Fed. R. Civ. P. 12 (b) (1) for lack of subject matter jurisdiction as to Count II of the Complaint as it is a non-core matter that arise exclusively under the Civil Code of Puerto Rico and not from any substantive provision of the Bankruptcy Code.

### VII. Prayer for Relief

**WHEREFORE**, DEFENDANT hereby respectfully requests from this Honorable Court to **DISMISS** the instant case with prejudice, with the imposition of attorneys' fees and costs.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Assistant US Trustee, and to all CM/ECF participants.

San Juan, Puerto Rico, this 9th day of August, 2019.

s/ Alexis Fuentes-Hernández, Esq.
**Alexis Fuentes-Hernández, Esq.**
USDC-PR 217201

**FUENTES LAW OFFICES, LLC**
P.O. Box 9022726
San Juan, PR 00902-2726
Tel. (787) 722-5215, 5216
E-Mail: alex@fuentes-law.com